**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| CHRISTOPHER MERMIGAS, | ) | |
| | ) | **No. 24-cv-11505** |
| Plaintiff, | ) | |
| v. | ) | **Judge Jeffrey I. Cummings** |
| | ) | |
| THE HIGHER EDUCATION LOAN | ) | |
| AUTHORITY OF THE STATE OF | ) | |
| MISSOURI, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Christopher Mermigas ("Mermigas" or "plaintiff") filed this lawsuit against the Higher Education Loan Authority of the State of Missouri ("MOHELA"), on behalf of himself and a putative class, asserting violations of the Illinois Consumer Fraud and Uniform Deceptive Trade Practices Act ("ICFA"), in addition to claims for unjust enrichment and negligent misrepresentation. Mermigas' claims center around allegations that MOHELA withdrew unauthorized amounts from his bank account in connection with federal loans MOHELA serviced and provided subpar customer service.

Before the Court is MOHELA's motion to dismiss Mermigas' complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), (Dckt. #9), and supporting memorandum, (Dckt. #10). Among other things, MOHELA argues that Mermigas' complaint fails because MOHELA is not a "person" subject to suit under the ICFA statute and because MOHELA is entitled to sovereign immunity pursuant to Missouri law for tort-based claims. For the reasons explained below, the Court agrees and accordingly, MOHELA's motion to dismiss, (Dckt. #9), is granted.

1

## I.     LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, a complaint must "state a claim to relief that is plausible on its face." *Bell. Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged" and the complaint must "permit the court to infer more than the mere possibility of misconduct."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 679 (2009).  When considering a motion to dismiss under Rule 12(b)(6), the Court construes "the complaint in the light most favorable to the [non-moving party] accepting as true all well-pleaded facts and drawing reasonable inferences in [the non-moving party's] favor." *Yeftich v. Navistar, Inc.*, 722 F.3d 911, 915 (7th Cir. 2013).  Nonetheless, courts are permitted to consider "any facts set forth in the complaint that undermine the plaintiff's claim."  *Bogie v. Rosenberg*, 705 F.3d 603, 609 (7th Cir. 2013) (cleaned up).

## II.    BACKGROUND

The facts below are drawn from the allegations in the Complaint, (Dckt. #1).  MOHELA, as a loan servicer, is responsible for sending monthly bills, processing payments, and providing customer service to borrowers on behalf of the federal government.  (*Id.* ¶59).  Student loan servicers are "generally borrowers' only official points of contact regarding their federal student loans." (*Id.* ¶61).  Mermigas has two federal loans dating back to approximately 2009.  (*Id.* ¶37). In December 2021, Mermigas received notification that his loans would be serviced by MOHELA, whereas they were previously serviced by Fedloan Servicing.  (*Id.* ¶38).

During the COVID-19 pandemic, Mermigas' loans were placed on administrative forbearance by presidential executive order.  (*Id.* ¶40).  In September 2023, Mermigas applied for an income-driven repayment (IDR) plan under the Saving on a Valuable Education (SAVE) plan.

(*Id.* ¶43). Mermigas called MOHELA regarding his IDR SAVE plan application and MOHELA told him that no application was required because his current plan—which he entered into prior to the COVID-19 administrative forbearance—remained valid until 2025 and MOHELA thus withdrew the IDR SAVE application during the call. (*Id.* ¶¶45–46).

On November 7, 2023, MOHELA notified Mermigas that $826.23 would be automatically withdrawn from his account around December 2, 2023. (*Id.* ¶47). MOHELA thereafter withdrew $826.23 from Mermigas' account on November 30, 2023, December 31, 2023, January 31, 2024, and February 29, 2024. (*Id.* ¶¶48–49).

On March 30, 2024, Mermigas received a letter from MOHELA that his loans were placed on the SAVE IDR plan – thereby replacing his previous Revised Pay as You Earn (REPAYE) IDR plan – and that his new monthly payment would be $1,801.89 starting on May 2, 2024. (*Id.* ¶50). Mermigas contacted MOHELA and communicated that the change was not authorized. (*Id.* ¶51). Nevertheless, MOHELA initiated a withdrawal on April 30, 2024, from Mermigas' account in the amount of $1,801.89. (*Id.* ¶52). The same amount was again withdrawn on July 2, 2024. (*Id.* ¶54). On July 6, 2024, MOHELA sent Mermigas notice that withdrawals would return to $826.23 beginning around August 2, 2024. (*Id.* ¶55).

Mermigas brings suit pursuant to the Class Action Fairness Act, 28 U.S.C. §1332(d). At present, MOHELA does not challenge the amount in controversy, diversity, or number of potential class members.

## III.   DISCUSSION

### A.   Mermigas' ICFA Claim Is Dismissed Because MOHELA Is Not A "Person" Under the ICFA.

"The ICFA prohibits 'unfair or deceptive acts or practices, including . . . fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any

3

material fact' in the 'conduct of any trade or commerce.'" *Sabrina Roppo v. Travelers Commercial Ins. Co.*, 869 F.3d 568, 594–96 (7th Cir. 2017), *quoting* 815 ILCS 505/2.  Pursuant to the ICFA, suit can only be brought against a "person," 815 ILCS 505/10a(a), defined as "any natural person or his legal representative, partnership, corporation (domestic and foreign), company, trust, business entity or association, and any agent, employee, salesman, partner, officer, director, member, stockholder, associate, trustee or cestui que trust thereof," *id.* §1(c).

MOHELA argues that it does not qualify as a "person" under the ICFA and therefore not subject to suit.  Mermigas disagrees.

MOHELA was established pursuant to the Missouri Higher Education Loan Authority Act, Mo. Ann. Stat. §173.360, as a "body politic."  Case law confirms that MOHELA is a "'public instrumentality' of [Missouri,]" and was created as a nonprofit government corporation "to participate in the student loan market," and therefore acts as "an instrumentality of Missouri." *Biden v. Nebraska*, 600 U.S. 477, 489–90 (2023).  The Illinois Supreme Court has made it clear that the ICFA does not apply to "[a] body politic."  *See Bd. of Educ. Of City of Chicago v. A, C & S, Inc.*, 546 N.E.2d 580, 599 (Ill. 1989) ("The Consumer Fraud Act clearly makes an unusual distinction that the Act only applies to domestic and foreign corporations [and] [a] body politic or municipal entity is neither type of corporation."); *Du Page Aviation Corp. v. Du Page Airport Auth.*, 594 N.E.2d 1334, 1341–42 (Ill.App.Ct. 1992).  Furthermore, the Illinois legislature's decision to leave "municipal corporations" out of the definition of a "person" was intentional. *Du Page Aviation Corp.*, 594 N.E.2d at 1341–42.

To argue otherwise, Mermigas points to MOHELA's registration with the Illinois Secretary of State[1] as a not-for-profit foreign corporation and contends that this is sufficient to

---

[1] Mermigas filed a motion asking the Court to take judicial notice of MOHELA's corporate filings and registrations with the Illinois Secretary of State.  (Dckt. #16).  MOHELA does not oppose the motion,

shoehorn MOHELA into ICFA's definition of a "person," which includes foreign corporations. (Dckt. #17 at 7–8). But while MOHELA may be registered as a foreign corporation in Illinois, its registration does not negate Missouri's legislative intent and the explicit statutory language cementing MOHELA as a government corporation. *See* Mo. Ann. Stat. §173.360 (MOHELA "is hereby constituted a public instrumentality and body corporate."). Moreover, as the Illinois Supreme Court has made clear, a "body politic" is not a "foreign corporation." *A, C & S, Inc.*, 546 N.E.2d at 599. Mermigas does not address this point. And as MOHELA explains, the Illinois Secretary of State does not provide an option to register as a governmental entity, leading to MOHELA's registration as a not-for-profit foreign corporation. (Dckt. #21 at 2–3, n.1).

Mermigas next argues that there is no case specifically holding MOHELA falls outside the ICFA's definition of a "person," and case law finding other governmental entities immune from suit under ICFA are distinguishable. (Dckt. #17 at 7–8). The Court, however, disagrees. Both *A, C & S, Inc.* and *Du Page Aviation Corp.* noted that the ICFA specifically excluded political bodies from its definition of a "person," whereas other Illinois statutory structures explicitly included such bodies in their definitions, signifying that the "legislature did not intend to make municipal corporations subject to the Act." *Du Page Aviation Corp.*, 594 N.E.2d at 1341; *A, C & S, Inc.*, 546 N.E.2d at 599 (an interpretation that would equate a body politic with being a corporation – whether domestic or foreign – would "ignore language within the Act.").

Mermigas additionally argues that MOHELA should be considered a "person" because it can sue and be sued in its own name, and because its funds are largely segregated from those of the state's. (Dckt. #17 at 7). However, one of the cases upon which Mermigas relies, *People ex*

---

(Dckt. #21 at n.1), and the Court may take judicial notice of records maintained by the Illinois Secretary of State when ruling on the motion to dismiss. *See, e.g., Crisotomo v. Schneider-Kidan*, No. 16-cv-6406, 2017 WL 2880893, at *4 n.1 (N.D.Ill. July 6, 2017); *Fosnight v. Jones*, 41 F.4th 916, 922 (7th Cir. 2022). Accordingly, the Court grants Mermigas' unopposed motion to take judicial notice, (Dckt. #16).

*rel. Hartigan v. E & E Hauling, Inc.*, is in direct contravention to this point and noted that the Metropolitan Fair and Exposition Authority was not a "person" under the ICFA despite its express ability to sue and be sued under its enabling statute. 607 N.E.2d 165, 170, 173 (Ill. 1992). Finally, the only case Mermigas identifies in the student loan context is *Gentleman v. Massachusetts Higher Education Assistance Corp.*, 272 F.Supp.3d 1054, 1069–70 (N.D.Ill. 2017). But there, the Court dismissed all ICFA claims pursuant to the applicable statute of limitations and for failure to allege causation and it did not conduct an analysis of whether the student loan servicers qualified as "persons." In sum: pursuant to its enabling statute and case law, the Court finds as a matter of law that MOHELA is a body politic that is not subject to suit under the ICFA. Accordingly, the Court dismisses Mermigas' ICFA claim.

### B. Mermigas' Unjust Enrichment and Negligent Misrepresentation Claims Are Dismissed Because MOHELA Is Immune from Suit Pursuant to Missouri Law.

Mermigas alleges that MOHELA was unjustly enriched as a result of its unlawful practices of withdrawing unauthorized amounts from his (and putative class members') bank accounts and made false representations to Mermigas (and other putative class members) about their payment options. (Dckt. #1 ¶¶124–27; 130–32). MOHELA argues that it is immune from tort-based claims pursuant to Missouri law, but in the alternative, Mermigas fails to properly allege that MOHELA retained a benefit to Mermigas' detriment or that MOHELA owed Mermigas a duty of care. (Dckt. #10 at 12). In response, Mermigas argues that MOHELA is not immune from suit and largely relies on *Good v. Department of Education*, 121 F.4th 772, 821 (10th Cir. 2024), which held that MOHELA does not enjoy sovereign immunity under the Eleventh Amendment. (Dckt. #17 at 8–9).

Mermigas misses the mark, however, because MOHELA's immunity argument does not rely on the Eleventh Amendment but instead relies on Missouri law. Furthermore, Mermigas

misrepresents *Good*, claiming "the court in *Good* also rejected MOHELA's argument—similar to the one it makes here—that it is entitled to immunity under Missouri state law." (*Id.* at 9). *Good*, however, declined to reach this argument because it was underdeveloped, rather than rejecting it as Mermigas claims. *See Good*, 121 F.4th at 821 (MOHELA "seems to argue that it is entitled to immunity under Missouri state law . . . . But MOHELA's argument is undeveloped, and accordingly, we may decline to reach it.").

The relevant statute is Mo. Rev. Stat. §537.600 which states that:

> [s]uch sovereign or governmental tort immunity as existed at common law in this state prior to September 12, 1977, except to the extent waived, abrogated or modified by statutes in effect prior to that date, shall remain in full force and effect; except that, the immunity of the public entity from liability and suit for compensatory damages for negligent acts or omissions is hereby expressly waived

except in two specific instances not at issue here.[2] Importantly, immunity under Section 537.600 "is broader than the immunity provided by the Eleventh Amendment" because "[i]t extends to municipalities and other public entities that are not protected by the 11th Amendment." *Dykes v. Missouri Higher Education Loan Authority*, No. 21 CV 83, 2021 WL 3206691, at *5 (E.D.Mo. July 29, 2021); *Good*, 121 F.4th at 821 (same).

Here, principles of comity compel this Court to recognize Missouri's tort-based immunity statute. *See Schoeberlein v. Purdue Univ.*, 544 N.E.2d 283, 285 (Ill. 1989). "Judicial comity is defined as the principle in accordance with which the courts of one state or jurisdiction will give effect to the laws and judicial decisions of another, not as a matter of obligation, but out of deference and respect." *Id.* (cleaned up). Illinois has previously recognized other state's tort-based sovereign immunity statutes. In *Schoeberlein*, the plaintiff sued Purdue University, which

---

[2] The two instances include injuries resulting from negligent acts or omissions by public employees from the operation of motor vehicles and certain injuries resulting from dangerous conditions on public property. Mo.Rev.Stat. §537.600.

argued it was immune from suit under a provision of the Indiana Tort Claims Act. 544 N.E.2d at 288. The Illinois Supreme Court agreed and applied principles of comity to recognize Indiana's sovereign immunity provision. *Id.*; *see also Wells v. Vincennes University*, 982 F.2d 1147, 1150–53 (7th Cir. 1992) (using comity to recognize Indiana sovereign immunity provision).

Mermigas argues that MOHELA fails to point to an Illinois case recognizing immunity under Section 537.600 and that this must "indicate that, while Missouri courts may find themselves bound by Missouri Statute §537.600 in determining whether MOHELA is immune from suit, federal courts outside the State of Missouri focus on whether MOHELA is immune under Eleventh Amendment Immunity rather than Missouri state law." (Dckt. #17 at 10–11) (cleaned up). MOHELA responded by pointing to *Beard v. Viene*, 826 P.2d 990 (Okla. 1992), where the Northern District of Oklahoma certified the question of whether comity principles required the state of Oklahoma to enforce Section 537.600. The Oklahoma Supreme Court answered in the affirmative. *Beard*, 826 P.2d at 997–98. And although not cited by either party, other district courts have similarly recognized Section 537.600. *Heartland Surgical Specialty Hospital, LLC v. Midwest Division, Inc.*, No. 5 CV 2164, 2005 WL 8160467, at *5–6 (D.Kan. Dec. 21, 2005); *Kansas Mun. Gas Agency v. Vesta Energy Co. Inc.*, 840 F.Supp. 814, 823–24 (D.Kan. 1993).[3]

In sum: the Court recognizes Missouri's statute providing MOHELA with immunity from tort-based claims and thus dismisses Mermigas' unjust enrichment and negligent misrepresentation claims.

---

[3] While Mermigas cites several cases to show that MOHELA does not enjoy immunity under the Eleventh Amendment (*See* Dckt. #17 at 9–10 (citing cases), such cases are of no moment where – as here – MOHELA presents an argument for immunity pursuant to Missouri statutory law.

Because the Court finds that MOHELA is immune from tort-based claims pursuant to Missouri statute and not a "person" under the ICFA, it need not address the parties' remaining arguments—i.e., that Mermigas fails to adequately allege that MOHELA retained an unjust benefit and that MOHELA owed no duty of care to Mermigas.

## CONCLUSION

For the reasons set forth above, defendant's motions to dismiss, (Dckt. #9), is granted and plaintiff's claims are dismissed without prejudice. The Court grants plaintiff until September 25, 2025 to file an amended complaint, to the extent he can do so consistent with this Memorandum Opinion and Order and the dictates of Federal Rule of Civil Procedure 11. If plaintiff fails to file an amended complaint on or before this date, the dismissal will become a dismissal with prejudice with no further action required.

**DATE: September 4, 2025**

**Jeffrey I. Cummings**
**United States District Court Judge**